MINUTES OF THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

*United States v. William Byron Benedict*

Case No. 1:14-cr-001-TMB

By:             THE HONORABLE TIMOTHY M. BURGESS

**PROCEEDINGS:    ORDER FROM CHAMBERS**

Before the Court is Defendant's Motion to Suppress evidence seized during the execution of a search warrant in his home.  The search warrant authorized the seizure of electronic media, including "computers, cell phones, or digital storage devices for files… relating to illegal transactions involving a controlled substance or use."  (Docket No. 83-1 at 5.)  Benedict contends that the seizure of the videotape from his residence was outside the scope of the search warrant.  The two cases cited by the government and Magistrate in support of the lawfulness of the seizure are *United States v. Stafford,* 416 F.3d 1068 (9th Cir 2005), and *United States v. Wong*, 334 F.3d 831 (9th Cir. 2003).

In *Stafford*, the warrantless search of an apartment after officers received a report of a possible dead body in the apartment was justified by the emergency doctrine.  416 F.3d at 1076.  There, officers' seizure of rifles and ammunition satisfied the plain view exception because the "incriminating nature of the evidence [was] immediately apparent."  *Id*.  The Ninth Circuit explained that "the determination of whether the officers had probable cause to believe that the items seized were illegal, unlawful, or associated with criminal activity is objective, but we apply it to the 'actual and/or perceived belief of the law enforcement officer as he… engages in search and seizure.'"  *Id*.  (quoting *United States v. Prim*, 698 F.2d 972, 975 (9th Cir. 1983).  Probable cause existed in that case due to the clear nexus between a possible dead body and deadly weapons and ammunition.  Here, the nexus between the illegal sale of narcotics and a video recorder found in the children's bedroom (*see* Docket No. 83-1 at 4, "Receipt and Inventory of Property Seized") is not immediately apparent.

In *Wong*, agents executing a search warrant during a murder investigation discovered child pornography while searching the defendant's computer.  334 F.3d at 835.  The Ninth Circuit held that the search of the computer was justified when the search warrant permitted a search of computers for "data as it relates to this case" because it was reasonably believed that depictions or information relating to the murder could be located on the computer.  *Id*. at 836.  Here, it is difficult to reason how a videotape discovered in the children's bedroom can reasonably be considered to "relat[e] to illegal transactions involving a controlled substance or use," as defined by the search warrant.  Thus, Defendant's Motion to Suppress Evidence at **Docket 82** is **GRANTED** as to the videotape.

Aside from the videotape, having reviewed Magistrate Judge Longenbaugh's Initial Report and Recommendation (Docket No. 103) on Defendant's Motion to Suppress Evidence (Docket No. 82), in conjunction with the parties' Objections and Responses (Docket Nos. 105 &

112), and the Magistrate's Final Report and Recommendation (Docket No. 116), the Court hereby adopts and accepts the remainder of the Final Report and Recommendation. Consequently, Defendant's Motion to Suppress Evidence at **Docket 82** is **DENIED** in all other respects.

      **IT IS SO ORDERED.**

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: February 23, 2015